## WATSON ET AL. *vs.* KNIGHT.

[TRESPASS AGAINST CONSTABLE AND SURETIES FOR WRONGFUL LEVY AND SALE OF PERSONAL PROPERTY.]

1. *Complaint, defects in ; how can not be taken advantage of.*—When the complaint shows a substantial cause of action, its defects, which would have been available on demurrer, can not be taken advantage of on error, when the parties were present in the court below, and failed to make the objection there.

2. *Estoppel ; fraud, under plea of ; what evidence inadmissible.*—In a suit for trespass against an officer for selling plaintiff's property on an execution against a third person, the plaintiff is not estopped, because the defendant in execution, in his presence and without objection from him, claimed the property as exempt to himself from execution, when the plaintiff's title to the property had been derived from a purchase from the defendant in execution, and when the judgment might have been a lien on the property, if it had not been exempt to such defendant at the time of the sale. Such evidence, unsupported by any thing more definite, is inadmissible under a plea of fraud.

3. *Charge to jury ; what not erroneous to refuse.*—There is no error in refusing to charge the jury that a judgment is a lien upon certain property, which may be properly claimed as exempt from execution.

APPEAL from the Circuit Court of Cleburne.

Tried before Hon. W. L. WHITLOCK.

This was an action of trespass by the appellee, Knight, against the appellants, to recover damages for trespass in taking certain property of the plaintiff, to-wit: a wagon and yoke of steers, and selling the same, under an execution against W. M. Beason.

The defendants pleaded, in short by consent : "1st. Not guilty. 2d. Justification under legal process. 3d. Fraud." Upon which pleas issue was joined, a trial had, a verdict rendered in favor of the plaintiff for $154 damages, &c.

From the bill of exceptions, it appears that the property levied on was in the possession of Beason at the time a judgment was rendered against him by a justice of the peace, by virtue of an execution on which the levy and

sale, complained of, were made ; the property so remained
in his possession until the morning of the levy, when it was
put in possession of the plaintiff, who had purchased it
from Beason about a month before. On the day of sale
the plaintiff presented an affidavit to one of the defend-
ants, the constable, that the property levied on was his
own. The defendant then offered to introduce proof, that
at the same time that plaintiff offered the above affidavit,
the defendant in execution, Beason, in the presence and
with the knowledge of plaintiff, offered an affidavit claim-
ing the property as exempt to himself from execution
under the exemption laws of Alabama, as the head of a
family, and that plaintiff made no objection whatever.
The court refused to allow the introduction of this evi-
dence, and defendants excepted.

The defendants then introduced the execution, and
" after proving the rendition of the judgment and the issu-
ance of the execution by a justice of the peace, who was
proven to be duly elected and qualified, and performing his
duties as such, and after proving the placing of the execu-
tion in the hands of one of the defendants, who was
proven to be duly elected and qualified as constable, &c.,"
asked the court to charge the jury, that " if they believed
the evidence, the said judgment was a lien on the property
in controversy, and the defendant, Watson, as constable,
was authorized to levy on and sell said property, under
said execution " This charge the court refused to give,
and defendants excepted.

That portion of the transcript on which errors were
assigned has been torn off, and the briefs of counsel are
not on file.

J. T. HEFLIN, for appellant.
ELLIS & CALDWELL, for appellee.

B. F. SAFFOLD, J.—This was an action of trespass
by the appellee against the appellants, for trespass in
taking personal property.

The complaint alleges a substantial cause of action.
No objection was taken to it in the court below, but issue

was joined on pleas in bar to the merits. Advantage can not be taken of its defects, if any, in this court.—Revised Code, 2811 ; *Stewart v. Goode & Ulrick*, 29 Ala. 476.

The defendant, Watson, as constable, levied an execution from a justice's court on a wagon and yoke of steers, claimed by the plaintiff, and in his possession at the time, and sold them as the property of W. M. Beason. To support his defense he offered evidence that on the day of sale Beason claimed the property as exempt from levy and sale to him, as the head of a family, in the presence of the plaintiff, who said nothing. It had been previously shown that Beason formerly owned the property, and had sold it to Knight about a month before the sale by the constable, and had given him possession before the levy. The evidence offered was rightly excluded by the court. The claim of exemption set up by Beason was as much a defense of his right to sell to the plaintiff, as the claim of property in himself, and did not call for contradiction. The defendant had a short time before been presented with the sworn claim of the plaintiff, and the declaration of Beason was an additional reason why he should not sell. If the property was the plaintiff's, it was not liable for Beason's debt. If it was Beason's, it was exempt from sale under execution.

The charge asked by the defendant was properly refused. The facts therein stated might have been true, and the property not subject to levy and sale.

The judgment is affirmed.