## ABSTRACT & TITLE GUARANTY CO. v. KIGIN. (3 Div. 512.)

(Court of Appeals of Alabama. Feb. 16, 1926. Rehearing Denied May 25, 1926.)

**1. Pleading ⬳406(3)—Where complaint, stating cause of action, though demurrable, on which issue is taken, is proven, plaintiff is entitled to verdict.**

Where complaint states cause of action, though demurrable, and issue is taken on it, evidence is admissible in support thereof, and, if proved, plaintiff is entitled to verdict.

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. Abstracts of title ⬅️3—Warranty in abstract runs to third person, where person employing abstracter acted for him, but he is bound by terms of abstracter's employment.**

Warranty in abstract runs only to person employing abstracter, unless such person was acting for third person, and in such case third person is bound by terms of employment of abstracter, and notice to person employing is notice to him.

**3. Abstracts of title ⬅️3—Abstracter's liability extends only to person employing him or to party or privy to contract of employment.**

Liability of abstracter extends only to person employing him or to one who is a party or privy to contract of employment.

**4. Abstracts of title ⬅️3.**

Nature and scope of abstracter's liability is contractual, and is measured by nature and terms of contract.

**5. Abstracts of title ⬅️3—Where contract provides that title to abstract is not to pass until price is paid, abstracter is not liable for misrepresentation therein until price is paid or time of payment waived or extended.**

Where contract with abstracter provides that title to abstract is not to pass until agreed price is paid, there is no liability upon abstracter for false representations in abstract until price is paid or time of payment waived or extended.

**6. Abstracts of title ⬅️3—Under contract to furnish abstract of title, abstracter is bound to perform without errors or defects attributable to lack of proper care or skill.**

Contract between landowner and abstracter to furnish an abstract of title is one of employment to perform a service requiring skill and knowledge, and abstracter is bound to perform without errors or defects attributable to lack of proper care or skill.

**7. Abstracts of title ⬅️3—Abstracter can validly contract that no liability will attach, nor rights under abstract pass, until his services are paid for.**

Abstracter can, by contract, stipulate that no liability will attach until services are paid for, or that rights under abstract will not pass until services are paid for.

**8. Abstracts of title ⬅️3—In action by land purchaser against abstracter for loss sustained by reliance on abstract furnished vendor, held plaintiff must connect herself with contract through vendor, and cannot recover unless vendor could.**

In action by land purchaser against abstracter to recover for loss sustained by reliance upon misrepresentation in abstract furnished her vendor, who employed abstracter, held plaintiff must connect herself with contract through vendor, and, if so connected, she must recover or fail as vendor would recover or fail.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Action by Mary Kigin against the Abstract & Title Guaranty Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

William F. Thetford, Jr., of Montgomery, for appellant.

Where the vendor retains the title until the chattel is paid for, the title does not pass, and the vendee is a mere bailee. Sumner v. Woods, 67 Ala. 139, 42 Am. Rep. 104; Warren v. Liddell, 110 Ala. 232. 20 So. 89; Foley v. Felrath, 98 Ala. 176, 13 So. 485, 39 Am. St. Rep. 39; Bishop v. Minderhout, 128 Ala. 162, 29 So. 11, 52 L. R. A. 395, 86 Am. St. Rep. 134. Until the title vests in the vendee, the latter cannot sue for breach of warranty. Benjamin on Sales (7th Ed.) 662; English v. Hanford, 75 Hun, 428, 27 N. Y. S. 672; Osborn v. Gantz, 60 N. Y. 543; Bunday v. Columbus Mach. Wks., 143 Mich. 10, 106 N. W. 397, 5 L. R. A. (N. S.) 475; 30 A. & E. Ency. Law, 134; McKimmie v. Forbes, 155 Ala. 259, 46 So. 772; Abraham v. Browder, 114 Ala. 287, 21 So. 818; Taylor v. Yates M. Co., 208 Ala. 528, 94 So. 588; Eason Drug Co. v. Montgomery, 186 Ala. 454, 65 So. 345. The liability of the abstractor is contractual, and is limited by the contract. Thomas v. Carson, 46 Neb. 765, 65 N. W. 899; 1 C. J. 368. The right to sue for a defect in an abstract is limited to the party for whom it is made. National Savings Bank v. Ward, 100 U. S. 195, 25 L. Ed. 621. Where a purchaser has notice of a lien or claim of title paramount to that of the seller, it is his duty to make due inquiry. Foxworth v. Brown, 120 Ala. 59, 24 So. 1. However defective pleas may be, the appellate court will only consider the objections assigned in the court below. Birmingham T. & S. Co. v. Currey, 175 Ala. 373. 57 So. 962. Ann. Cas. 1914D. 81.

Ludlow Elmore and Chilton & McCoy, all of Montgomery, for appellee.

Demurrers to pleas were properly sustained. Thomas v. Irvine, 171 Ala. 332, 55 So. 109; Huggins v. Southern Ry. Co., 159 Ala. 189, 49 So. 299. The right of appellee to bring this action was not raised in the court below, and cannot be raised on appeal. L. & N. R. Co. v. Touart, 97 Ala. 514, 11 So. 756. The purchaser does have a right to sue. 1 C. J. 369.

SAMFORD, J. The complaint was in two counts as follows:

"The plaintiff claims of the defendant $389.76, with interest thereon from, to wit, January 25, 1924, for this that heretofore during the year 1922 defendant was engaged in the city of Montgomery, Ala., in the business of preparing and furnishing for a reward abstracts of title to real estate; that on, to wit, February 15, 1922, defendant prepared and furnished to one C. P. Woodall for a reward an abstract of title to real estate therein described, and as a part of said abstract of title certified that all taxes due

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

against said property prior to the date of said certificate were paid; that said C. P. Woodall offered said property for sale to plaintiff, delivered to plaintiff the said abstract of title as prepared by defendant containing the representations and certificate hereinabove mentioned; that, relying upon said certificate and representations so made by defendant, plaintiff purchased of said Woodall the said real estate and paid for the same on, to wit, February 15, 1922. And plaintiff avers that the representations as to taxes due against said property so made by defendant on said date were untrue and incorrect, but that on the contrary on said date there was due delinquent and unpaid against said property taxes in the sum of, to wit, $389.76, which said amount plaintiff was since required to pay in order to protect her said property and prevent the same from being sold for the payment of said taxes; and hence this suit.

"Count 2. Plaintiff claims of the defendant $389.76, with interest thereon from, to wit, January 25, 1924, for this: That heretofore during the year 1922 defendant was engaged in the business of preparing and furnishing for a reward abstracts of title to real estate in Montgomery county, Ala. That during February, 1922, plaintiff agreed to purchase of one C. P. Woodall a parcel of real estate situated in Montgomery, Ala., and claimed to be owned by said Woodall, and thereupon said Woodall procured defendant to prepare and received from defendant an abstract of title for said real property and delivered the same to plaintiff. That plaintiff, relying upon the accuracy and truth of the statements in said abstract contained, purchased the parcel of real property from said Woodall on, to wit, February 15, 1922. That said abstract purported to be a correct and complete abstract of all conveyances, mortgages, and all other instruments of writing of record in Montgomery county, Ala., pertaining to the real estate described in said abstract from July 8, 1910, until February 15, 1922; and further purported to set out therein complete, true, and accurate references to the records of judgments, executions, and tax sales with reference to said real property. That on, to wit, February 15, 1922, there were outstanding and unsatisfied against said property certain proceedings by the city of Montgomery for collection of city taxes and assessments appearing of record upon the tax docket of the circuit court of Montgomery county, in equity, which said proceedings were not noted nor shown in said abstract. That, on account of the failure of said abstract of title to show outstanding and unsatisfied said tax proceedings, this plaintiff accepted and paid for said property as though the same were clear and free of such incumbrances, and afterwards on, to wit, January 25, 1924, was required to pay the said sum of $389.76, for and on account of said outstanding and unsatisfied tax liens, and in order to protect her said property which said sum with interest thereon she claims of defendant."

No demurrer was filed to the complaint, but defense was sought to be made by plea of the general issue and special pleas 2 and 3, alleging that the abstract had not been paid for, and that by its terms, as shown by indorsement thereof, title to the abstract is retained in defendant until fee is paid. These pleas admitted delivery of the abstract to Woodall. Demurrers to these pleas were sustained, and trial was had on the complaint and the general issue.

[1] In passing on the questions presented by this appeal we direct especial attention to that line of cases holding that, where a complaint states a cause of action, though demurrable, and issue is taken on it, evidence is admissible in support thereof, and, if proved, plaintiff is entitled to a verdict. Central Ry. v. Gross, 192 Ala. 354, 68 So. 291; Watson v. Knight, 44 Ala. 352. It may also be stated here that appellant concedes in brief that the right of the plaintiff as purchaser of the land described in the abstract to maintain this suit is not raised by the pleadings.

[2-4] The defendant by his plea confesses the allegations of the complaint, and seeks to avoid liability by saying Woodall did not pay for the making of the abstract, that the title to the abstract is still in defendant, and that at the time plaintiff purchased the land described she had notice of this fact. If this was a suit by Woodall, would the plea be good? The making of the contract for the abstract was a transaction between defendant and Woodall. They two were the parties privy, and whatever warranty was contained in the abstract ran to Woodall and not to plaintiff, unless Woodall was acting for plaintiff in obtaining the abstract, and, if Woodall was acting for plaintiff in the transaction, then notice to Woodall was notice to plaintiff, and plaintiff would be bound by the terms of the employment of defendant as an abstracter. Young v. Lohr, 118 Iowa, 624, 92 N. W. 684. By a long line of authorities, headed by the case of National Savings Bank of the D. C. v. Ward, 100 U. S. 195, 25 L. Ed. 621, it is held that the liability of an abstracter extends only to the person employing him or to one who is a party or privy to the contract of employment. The nature and scope of the liability assumed by an abstracter is purely contractual, and must be measured by the nature and terms of the employment. 1 Corpus Juris 368 (11). We do not mean to say or intimate that an abstracter could not, by fraud or collusion with a vendor of real estate, and perhaps in other ways, become liable to a purchaser relying upon an abstract furnished by him. The foregoing is doubtless the basis, though not discussed, for the dissenting opinion by Waite, C. J., in Nat. Savings Bank Case, supra. The discussion here is limited to cases similar to the case at bar, and we express no opinion as to what the holding would be if the pleading presented issues covered by such cases as Brown v. Sims, 22 Ind. App. 317, 53 N. E. 779, 72 Am. St. Rep. 308; Western Loan, etc., Co. v. Silver Bow Abstract Co., 31 Mont. 448, 78 P. 774, 107 Am. St. Rep. 435; Economy Bldg.,

etc., v. West Jersey Title Co., 64 N. J. Law, 27, 44 A. 854.

[5] In the present action, plaintiff can only recover by connecting herself with Woodall in the procuring of the abstract. The abstract was the result of a contract between Woodall and defendant. One of the terms of employment was that the title to the abstract was not to pass until the contract price was paid. Until the contract price was paid or the time of payment waived or extended, there was no liability on the part of defendant such as would support this action.

[6-8] The case is not one of a sale of a chattel to which title is reserved, so as to come within the influence of cases cited by appellant in brief, but is one of employment to perform a service requiring knowledge and skill in its performance, and which the abstracter is bound to perform without errors or defects attributable to a lack of proper care or skill. For this service he is to be compensated according to the terms and nature of the contract of employment, which compensation in this case was to be paid contemporaneously with the transfer of title to the abstract of documents and facts affecting the title to the land described in the memo. It is unquestionably the law that the abstracter can by contract stipulate that no liability will attach until the services are paid for; or, as in this case, rights under the abstract will not pass to the landowner until the services are paid for. 1 Corpus Juris, p. 362 (11). So that, whether the question is raised by the demurrer to the plea or by the judgment on the evidence, in this case the result must be the same. The employment being contractual, plaintiff must connect herself with the contract through Woodall. If she is connected through Woodall, she is bound by Woodall's contract, and must recover or fail as Woodall would recover or fail. Under either phase of the case the court was in error in rendering judgment for plaintiff.

It becomes unnecessary to consider other questions, as the case will doubtless present other issues on another trial.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.