LEWIS E. JOHNSON v. HARRISON HARDWARE & FURNITURE COMPANY.

152 So. 768.

160 So. 878.

Division B.

Decision Filed February 12, 1935.

Opinion on Rehearing Filed April 15, 1935.

PER CURIAM.—This cause having heretofore been submitted to the court upon the transcript of the record of the

judgment herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said judgment; it is, therefore, considered, ordered and adjudged by the Court that the said judgment of the Circuit Court be, and the same is hereby affirmed.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur.

## ON PETITION FOR REHEARING.

PER CURIAM.—This case was affirmed February 12, 1934, without opinion. It is now before the Court for reconsideration on the plaintiff in error's petition for a rehearing.

The declaration was on a single common count for money lent. Two pleas of action barred under the statute of limitations were filed—one being the three-year statute, the other being the five-year statute. Section 4663 C. G. L., 2939 R. G. S., paragraphs 3 and 5. The case finally went to trial on the declaration, pleas of statute of limitations, amended replications to the pleas setting up alleged writings evidencing the claim sued upon, together with a rejoinder to the second amended replication. The judgment appealed from was on a directed verdict for defendant on the basis of its plea of the three-year statute of limitations.

Under Par. 5, of Section 4663 C. G. L., an action upon a contract, obligation or liability not founded upon an instrument of writing, must be commenced within three years. An action upon any contract, obligation or liability founded upon an instrument of writing not under seal must be commenced within five years. Par. 3, Section 4663 C. G. L., *supra*.

In applying the statute of limitations, where the evidence of liability relied on is partly set forth in writings in the

form of letters and the like, but the writings are incomplete in themselves, or are otherwise so indefinite as to necessitate and make unavoidable plaintiff's resort to oral testimony to make complete the showing of any legal liability incurred by the defendant, under the terms of the transaction of which the writings are made a part, such agreement partly written and partly oral, must be regarded as an oral contract, the liability arising under which is *not founded upon* an instrument of writing, and the action to recover thereon must therefore be held to be barred by the statute of limitations unless shown to have been brought within three years as required by Paragraph 5 of Section 4663 C. G. L., 2939 R. G. S.   See McGill v. Cockrell, 88 Fla. 54 (text 57), 101 Sou. Rep. 199.

The writings attached to, relied on and made a part of the second amendment to plaintiff's replication do not on their face constitute a contractual acknowledgment of the loan of any money by plaintiff to defendant, which is the thing sued for, therefore such writings *per se* can avail nothing to plaintiff as a sufficient preclusion of the bar of the three-year statute of limitations to the right of recovery advanced by the plaintiff as disclosed in and by his evidence adduced at the trial.   It was upon the evidence at the trial that the verdict for defendant below was directed.   So the Court committed no reversible error in directing a verdict for defendant, inasmuch as the facts adduced clearly demonstrated that whatever right of recovery had ever been possessed by plaintiff, had thereafter become barred by the applicable statute of limitations.

Rehearing denied.

WHITFIELD, C. J., and ELLIS, BROWN, BUFORD and DAVIS, J. J., concur.