FLORENCE P. SICKLER, P. W. HARVEY and RICHARD MORRISON, as Executors under the Will and A. H. Sickler, deceased, v. INDIAN RIVER ABSTRACT AND GUARANTY COMPANY

195 So. 195
Division B
Opinion Filed April 2, 1940

*John S. Byington,* for Plaintiffs in Error.

*Crofton & Wilson,* for Defendant in Error.

CHAPMAN, J.—This case is here for review on writ of error taken to a final judgment entered in behalf of the defendant below by the trial court upon sustaining a demurrer interposed by the defendant to three counts of plaintoff's amended declaration. The final judgment was entered when plaintiffs declined to amend further their amended declaration. The suit was brought in the name of the Executors under the last will and testament of A. H. Sickler, deceased.

Count 1 of the amended declaration in substance alleges

that the defendant was an abstracter and made abstracts to lands in Brevard County, Florida, and made an abstract to certain lands described in the amended declaration for the Melbourne Steam Laundry, and that this concern turned the abstract so made over to A. H. Sickler for the purpose of examination, and that Sickler, relying upon the abstract, loaned a large sum of money thereon to Melbourne Steam Laundry and took its mortgage; that the abstract did not contain or set forth the fact of record of a pre-existing mortgage on the land in the principal sum of $10,000.00, which was of record in the public records of Brevard County, Florida, and by reason of the neglect and omission to include this said mortgage in the abstract made by the defendant, the loan and investment made by Sickler was lost and rendered of no use or value; that the loss sustained is shown by the Bill of Particulars, which was the principal, interest and solicitor's fees of the omitted mortgage and totaling $14,329.00.

Count 2 of the amended declaration contains substantially the same allegations as Count 1. The theory of defendant's liability is for an injury that may result from a failure to exercise ordinary care and skill in discovering in the records and noting in the abstract all deeds and mortgages affecting the title, regardless of the privity of contract. In other words, the defendant abstract company, as charged in Counts 1 and 2, is liable for the negligent preparation and perfection of the abstract.

Count 3 of the amended declaration allages that Sickler employed the defendant to make for him an abstract of title to certain lands in Brevard County, Florida, for a consideration, and that Sickler relied upon the abstract made and its correctness in making a certain loan to one Melbourne Steam Laundry, and securing the loan by mortgage lien on the identical land; that said abstract did not con-

tain the fact of record of a mortgage from Melbourne Steam Laundry to the Melbourne State Bank, as recorded on the 16th day of January, 1926, in Mortgage Book 19, at page 235, of the Public Records of Brevard County, Florida, and that due to said omission and neglect of the defendant, the said Sickler was ill advised and deceived by the abstract made for him by the defendant, and that the investment made by him was lost and rendered useless, as shown by the bill of particulars.

The demurrer addressed to each count of the amended declaration contains some 48 grounds. It is unnecessary to recite all the many grounds of the demurrer, but we are setting out the grounds of the demurrer addressed to each of the three counts of the amended declaration necessary to a disposition of the case at bar, viz.: (a) the count fails to state a cause of action (b) the count fails to properly show any privity of contract between the plaintiffs' estate and the defendant; (c) the count fails to show, except by inference, that the alleged omitted mortgage was recorded when the abstract was made; (d) the count fails to show any contract between Sickler and the defendant; (e) the count fails to allege privity between Sickler and the defendant; (f) the count shows on its face that the abstract was delivered to the Melbourne Steam Laundry; (g) the count fails to show that the defendant knew the Melbourne Steam Laundry would deliver the abstract to Sickler; (h) the count fails to allege the date, terms, conditions, parties or subject matter of the contract to make and deliver the abstract; (i) the count fails to allege that Sickler employed or entered into a contract for the preparation and delivery to him (Sickler) by the defendant of the said abstract.

Counts 1 and 2, alleging a negligent making of the ab-

stract by the defendant, can be disposed of under one assignment.

· The law requires that a declaration should state distinctly and clearly every fact that is essential to the plaintiff's right of action. The allegations of a declaration are required to be positive and direct or by fair inferences therefrom contain all ultimate facts upon which plaintiff relies for recovery. See Kirton v. Atlantic Coast 'Line R. Co., 57 Fla. 79, 87, 49 So. 1024; Kidd v. Jacksonville, 91 Fla. 380, 107 So. 677; Co-Operative Sanitary Baking Co. v. Shields, 71 Fla. 110, 70 So. 934; Atlantic Coast Line R. Co. v. Holliday, 73 Fla. 269, 74 So. 479.

A demurrer admits as true the well pleaded allegations or averments of fact and presents only questions of law as to the legal sufficiency of the pleading. See Rodriquez v. Powell, 127 Fla. 56, 172 So. 849; Kress & Co. v. Powell, 132 Fla. 471, 180 So. 757; Slaughter v. Barnett, 114 Fla. 352, 154 So. 134, 102 A. L. R. 1073; Martin v. Dade Muck Land Co., 95 Fla. 530, 116 So. 449; Bloodworth v. Lippincott, 78 Fla. 261, 82 So. 827.

It will be observed that Counts 1 and 2, *supra,* are bottomed on the negligence of the defendant in omitting to include therein a duly recorded mortgage when making and certifying to the said abstract. It is not made to appear by an allegation of either count or by fair inference therefrom that a contract existed between the defendant and the plaintiff with reference to the making of the abstract. An action against an abstracter to recover damages for negligence in making or certifying an abstract of title, according to the general rule, does not sound in tort, but must be founded on contract. 1 Am. Jur., page 170, par. 27.

An abstracter is liable in damages for injuries resulting from wrongful or negligent errors, defects or omissions in an abstract prepared and furnished by him. It was settled

in an early case, which has been followed in nearly all the decisions on this question, that his liability is not in tort, but is contractural, and must be based upon a breach of his express or implied contract with his customer or client to furnish him with a true and correct abstract. It is therefore measured by the nature, extent and terms of his undertaking or employment. See C. J. S. page 389, par. 11-(a).

The general rule is that the liability of an abstracter extends only to the person employing him, or to one who is a party of privy to the contract of employment. This rule seems to be unquestioned in cases where the abstracter had no knowledge that the abstract was intended for the information or use of another. See 1 C. J., pages 368-9, pars. 11 and 12.

The weight of authority is that an abstracter does not render himself liable to any and every person who may be injured by reason of his negligence, ignorance, or want of skill in preparing abstracts, but that such liability exists only in favor of the person employing him or those in privity with him. The negligence or unskillfulness of an abstracter does not render him liable to the alienee, devisee, or other successor in interest employing him, or other persons with whom there is no privity of contract. See 1 R. C. L. page 95-6, par. 7; Shine v. Nash Abstract & Inv. Co., 217 Ala. 498, 117 So. 47; Thomas v. Guarantee Title & Trust Co., 81 Ohio St. 432, 91 N. E. 183, 26 L. R. A. (N. S.) 1210; Abstract & Title Guaranty Co. v. Kigin, 21 Ala. App. 397, 108 So. 626; Beckovsky v. Burton Abstract & Title Co. 208 Mich. 224, 175 N. W. 235; Phoenix Title & Trust Co. v. Continental Oil Co., 43 Ariz. 219, 29 Pac. (2d) 1065; Cole v. Vincent, 242 N. Y. S. 644, 229 App. Div. 520.

The third count of the amended declaration alleges an *oral* agreement on the part of the defendant to make and

certify an accurate abstract to certain real estate therein described but failed so to do and the plaintiff sustained a loss thereby. It is alleged that the oral agreement so to do was made on or about May 15, 1926, and the suit at bar was not filed until May 31, 1935. One of the grounds of the demurrer addressed to the third count of the amended declaration is that it is barred by the statute of limitations. The time allowed by law to recover for the breach of an oral agreement is *three* years. See Subsection 5 of Section 4663 C. G. L.; Johnson v. Harrison Hdwe. & Furn. Co., 119 Fla. 470, 152 So. 768, 160 So. 878.

The judgment appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

BUFORD, J., concurs in opinion and judgment.

Chief Justice TERRELL and Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.