214 So.2d 505 (1968)
CANAVERAL CAPITAL CORPORATION, a Florida Corporation, Appellant,
v.
Robert B. BRUCE, Appellee.
No. 68-11.
District Court of Appeal of Florida. Third District.
October 8, 1968.
Rehearing Denied October 25, 1968.
Stanley Haves, Miami, for appellant.
Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell and James H. Walsh, Miami, for appellee.
Before CHARLES CARROLL, C.J., and BARKDULL and HENDRY, JJ.
PER CURIAM.
This is an appeal by the plaintiff below from an adverse judgment entered on a jury verdict. The action was one charging the defendant, a certified public accountant, with negligence in preparation of a financial statement for lenders, on which the plaintiff relied in making a loan. The determinative question is whether the verdict was against the manifest weight of the evidence. On motions for judgment n.o.v. and for new trial the trial court rejected that contention of the plaintiff, and on consideration of the record and briefs on this appeal we agree with that ruling of the trial court.
The defendant accountant was not employed by the plaintiff. Assuming negligence as alleged on the part of the accountant, his liability to a third party with whom he was not in privity (if in fact such liability exists, see Sickler v. Indian River Abstract & Guaranty Co., 142 Fla. 528, 195 So. 195, 198) would require a showing on the part of the plaintiff third party that the accountant had been guilty of gross negligence, or, having knowledge that the third party intended to rely on the statements prepared by him, was guilty of fraud in connection therewith. Investment Corporation of Florida v. Buchman, Fla.App. 1968, 208 So.2d 291.
In the present case, notwithstanding that required high degree of proof, the trial court submitted the case to the jury on *506 simple negligence. It is significant that the jury found in favor of the defendant on that lesser standard of care.
We have considered the appellant's objection to an item of costs allowed by the trial court, and conclude it was within the discretion of the court and that discretion was not abused.
Affirmed.