315 So.2d 229 (1975)
CHELSEA TITLE AND GUARANTY COMPANY, Appellant,
v.
LOUIS BRIGGS CONSTRUCTION, INC., et al., Appellees.
No. X-144.
District Court of Appeal of Florida, First District.
June 30, 1975.
Howard P. Rives, Cooper, Rives, Penick, Harlan & Strohauer, Clearwater, for appellant.
John P. McCoy, Cobb, Cole, Sigerson, McCoy, Bell and Bond, Edwin P.B. Sanders, Landis Graham, French, Husfell, Sherman & Ford, Daytona Beach, for appellees.
RAWLS, Chief Judge.
Appellant, Chelsea Title and Guaranty Company, states its sole point on appeal as: Did the lower court err in granting final summary judgment by finding that Moyer v. Graham, 285 So.2d 397 (Fla. 1973) overruled Sickler v. Indian River Abstract and Guaranty Company, 142 Fla. 528, 195 So. 195 (Fla. 1940), as to the privity of contract requirement in cases dealing with abstractor's liability? We immediately wish to note that the facts of this case do not require that a determination be made as to whether Moyer v. Graham, supra, has overruled the privity requirement outlined in Sickler v. Indian River Abstract and Guaranty Company, supra. For this reason, while we affirm the judgment of the lower court, we decline to hold that Moyer v. Graham, supra, has overruled Sickler v. Indian River Abstract and Guaranty Company, supra, as to the privity of contract requirement in cases dealing with abstractor's liability.
The facts are not in dispute. On August 28, 1972, Louis Briggs Construction, Inc., (Briggs) executed and delivered a mortgage on the land involved in this cause to one R.B. Bailey, Trustee. Briggs subsequently entered into a contract for the sale of the land to G. Steve Stanley, an attorney, and his wife. Briggs ordered an abstract from Chelsea Title and Guaranty Company (Chelsea). In the preparation of the abstract, Chelsea omitted the Bailey mortgage. Attorney Stanley picked up the abstract and paid Chelsea its fee of $110 (which fee was later reimbursed to Stanley by Briggs). Chelsea did not know that persons other than Briggs would use the abstract. Relying upon Chelsea's abstract Stanley concluded the purchase of the land from Briggs, and in doing so issued a Lawyers Title Guaranty Policy in favor of his mortgagees, Deland State Bank. Subsequently, Bailey instituted a foreclosure suit, and this was the first time that Chelsea or Stanley became aware of the omitted mortgage that had been given by *230 Briggs. Lawyers Title Guaranty Fund purchased the mortgage, resulting in Bailey dismissing his suit. Prior to the dismissal, Stanley filed a third party complaint against Chelsea on the theory of contract and negligence.
As reflected above, this record reveals without dispute that Stanley, an attorney, purchased an abstract from Chelsea. The fact that he did not order the abstract and was reimbursed for same is not material. The essential fact is that Chelsea would not part with its product until attorney Stanley paid for same. Judges have no problem in taking judicial notice that abstractors exist by preparing their product for examination by attorneys who rely upon same in making their examination. It is our conclusion that ample privity is proven in this record between Chelsea and Stanley to affirm the summary judgment. For this reason, it is unnecessary for us to determine whether Moyer v. Graham, supra, has overruled the privity requirement dealing with abstractor's liability that is found in Sickler v. Indian River Abstract and Guaranty Company, supra.
We note that in Moyer, supra, the Supreme Court was not faced with a stranger suing an abstractor on the theory that such abstractor is warranting his product to each generation that might survive and be a potential customer for a parcel of land many years hence.[1] Neither did the Supreme Court have before it consideration of the role of title insurance companies who are strangers to the contract for an abstract and the court did not have to inquire as to what risk the title insurance companies would be insuring if such companies who have no privity with the abstractor are permitted to recover for their losses from the abstractor. As these questions were not faced by the Supreme Court in Moyer, and it is not necessary under the facts of this case that they now be faced, we affirm the final summary judgment for the reasons stated above, and we decline to hold that Moyer v. Graham, supra, has overruled the privity of contract requirement in cases dealing with abstractor's liability that is found in Sickler v. Indian River Abstract and Guaranty Company, supra.
The judgment appealed is affirmed.
JOHNSON and MILLS, JJ., concur.
NOTES
[1] Of course, such a hypothetical future transaction is predicated upon a questionable assumption that private ownership of land will be permitted by future generations.