92

## BROCK, et ux v. PITTSBURGH TESTING LABORATORY.
### No. 77-6658.
Circuit Court, Dade County.
March 20, 1979.

Arthur S. Weitzner and Robert M. Abramson of Sandler & Sandler, Miami, for the plaintiffs.

George D. Gabel, Jr. of Wahl & Gabel, Jacksonville, for Pittsburgh Testing Laboratory, defendant and third party plaintiff.

Sheldon Rosenberg and Jeffrey R. Mazor of Ress, Gomez, Rosenberg, Berke & Howland, Miami, for Kressly Corporation, third party defendant.

JOHN V. FERGUSON, Circuit Judge.

*Summary final judgment:* Plaintiff, as trustee in bankruptcy for the former owners Jack Brock and Aurie Brock ("Brocks") of a warehouse in Miami, has sued defendant, Pittsburgh Testing Laboratory ("PTL"), for alleged breach of contract and negligence in performing a foundation soils investigation on the property on which the Brocks built the warehouse. PTL has filed a motion for summary judgment in its favor. After having heard argument of counsel and based upon the depositions and exhibits on file, the court finds as follows —

1. In April and early May, 1974, PTL made a series of test borings on behalf of W. H. Miller Co. ("Miller"), a prospective

purchaser of the land on which the boring sites were located in Miami.

2. Miller selected the number, location and depths of the drilling sites and did not request PTL to make recommendations or express an opinion based upon the borings.

3. The Miller borings showed substantial quantities of "wood trash" at the sites tested.

4. In September, 1974, Donald Kressly ("Kressly"), president of Kressly Corporation, requested copies of the Miller boring results, which were given to him with Miller's permission.

5. Kressly, a general contractor, was employed to "design and build" a warehouse for the Brocks on the property in question.

6. Plaintiffs claim that the borings were negligently performed in that the trash underneath the surface was deeper and more extensive than revealed by the borings. There is no dispute, however, that the PTL borings were not performed for or on behalf of the Brocks or Kressly but were an older set of borings performed for and under the specifications and directions of a third party for the specific and unique purposes of that third party. The Miller borings only partially corresponded with the eventual site of the Brock warehouse. Nor is it disputed that neither the Brocks nor Kressly requested further borings which would coincide with the Brock warehouse. The Brocks were not in privity with PTL and were not owed any contractual duty or duty of care. *Sickler v. Indian River Abstract & Guaranty Co.*, 195 So. 195 (Fla., 1940).

7. Kressly evaluated the Miller borings and based upon his own evaluation guaranteed to the Brocks that they could build their warehouse on a selected site.

8. The Brocks relied upon Kressly's evaluation to purchase the property in question and did not evaluate the borings themselves.

9. Nothing PTL did except for the Miller borings affected the Brocks' decision to buy the land or its purchase price.

10. After the Brocks contracted to purchase the land, Kressly requested PTL to make recommendations based solely on the Miller borings.

11. After receipt of recommendations from PTL, Kressly rejected PTL's recommendations and decided upon a construction design of his own which was accepted by the Brocks.

12. It is undisputed that the Brocks did not rely upon the recommendations by PTL based on the Miller borings, but instead relied solely on the independent recommendations and evaluations of their

general contractor, Kressly. Thus, the alleged damages were proximately caused by a new independent, and efficient intervening cause and not by PTL's alleged negligence. 23 Fla. Jur. *Negligence* §37; *Nance v. James Archer Smith Hospital, Inc.*, 329 So. 2d 337 (Fla., 3d D.C.A., 1976); *Matthews v Williford*, 318 So. 2d 480 (Fla., 2d D.C.A., 1975).

13. The depositions and exhibits on file show that there is no genuine issue as to any material fact and that defendant PTL is entitled to judgment as a matter of law.

It is therefore ordered and adjudged —

(1) The motion of defendant Pittsburgh Testing Laboratory for summary judgment is granted, and said defendant shall go hence without day.

(2) The third party complaint filed by PTL against Kressly Corporation is moot and is therefore dismissed.