373 So.2d 689 (1979)
NAVAJO CIRCLE, INC., a Florida Nonprofit Corporation, and Diane Zuppke, Appellants,
v.
DEVELOPMENT CONCEPTS CORPORATION, a Florida Corporation, W.R. Frizzell Architects, Inc., a Florida Corporation, Harborn Construction, Inc., a Florida Corporation, Jack Harborn, John K. Kontinos, George H. Bail, Charles E. Smith, and William R. Frizzell, Appellees.
No. 78-1434.
District Court of Appeal of Florida, Second District.
June 13, 1979.
Rehearing Denied August 3, 1979.
*690 Wade H. Parsons and Karl L. Johnson of Nuckolls & Parsons, Fort Myers, for appellants.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellee W.R. Frizzell Architects, Inc.
Howard A. Anderson of Aloia, Dudley & Roosa, Cape Coral, for appellees Jack Harborn and Harborn Construction, Inc.
BOARDMAN, Judge.
Appellants/plaintiffs, Navajo Circle, Inc., a condominium association, and Diane Zuppke, an owner of a unit in Navajo Circle, Inc., Condominium, brought a class action in negligence against appellees/defendants, W.R. Frizzell Architects, Inc., Harborn Construction, Inc., and Jack Harborn, among others. Appellants alleged that Frizzell Architects had negligently supervised the construction and subsequent repairs of the roof of a condominium building. They further alleged that Harborn Construction *691 and Jack Harborn negligently constructed the roof causing damage to the roof, damage to the exterior and interior walls, and loss of rental receipts. These appellees filed a motion to dismiss. The trial court granted this motion finding that the complaint failed to allege privity between the parties.
Appellants argue on appeal that privity is not an essential element in this negligence action. We agree. Although privity is an element of a contract cause of action it is not of a tort.
The issue in any negligence action is whether the injury resulted from defendant's violation of a legal duty owed to the plaintiff. The threshold question, therefore, is whether these defendants have a legal duty to plaintiffs. "[T]he absence of contractual privity between plaintiff and defendant does not affect plaintiff's tort claim, provided plaintiff can establish the existence of a duty between the parties, and defendant's breach of such duty, with the proximate result that plaintiff suffered the damages of which it complains." Detweiler Bros., Inc. v. John Graham & Co., 412 F. Supp. 416, 419 (E.D.Wash. 1976). See also Cooper v. Jevne, 56 Cal. App.3d 860, 128 Cal. Rptr. 724 (Ct.App.2d 1976).
The duty owed by a defendant to a plaintiff may have sprung from a contractual promise made to another; however, the duty sued on in a negligence action is not the contractual promise but the duty to use reasonable care in affirmatively performing that promise. The duty exists independent of the contract. Existence of a contract may uncontrovertibly establish that the parties owed a duty to each other to use reasonable care in performance of the contract, but it is not an exclusive test of the existence of that duty. Whether a defendant's duty to use reasonable care extends to a plaintiff not a party to the contract is determined by whether that plaintiff and defendant are in a relationship in which the defendant has a duty imposed by law to avoid harm to the plaintiff.
MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050 (1916) spawned the universally recognized rule that a supplier of a product is liable for his negligence which may reasonably be expected to cause injury to another's interests if the product is defective. A supplier was not held to a duty to protect against every risk but only foreseeable, unreasonable risks. The duty to use reasonable care owed to those one may foreseeably come in contact with is not diminished simply because the injury resulted from conduct which constituted performance of a contractual obligation owed to another. See Mullray v. Aire-Lok Co., 216 So.2d 801 (Fla. 3d DCA 1968) citing 38 Am.Jur. Negligence § 21.
The products negligence line of cases was relied on by our supreme court to expand liability in negligence to those who supplied services rather than products. A.R. Moyer, Inc. v. Graham, 285 So.2d 397 (Fla. 1973) citing Audlane Lumber & Builders Supply, Inc. v. D.E. Britt Associates, Inc., 168 So.2d 333 (Fla. 2d DCA 1964). Where it is foreseeable that the plaintiff will suffer the injury sued on, the supplier of the service has a legal duty to use reasonable care to avoid unreasonable risks to that plaintiff in performance of his service. E.g., Geer v. Bennett, 237 So.2d 311 (Fla. 4th DCA 1970) cited in Conklin v. Cohen, 287 So.2d 56 (Fla. 1973) and cited in LeMay v. U.S.H. Properties, Inc., 338 So.2d 1143 (Fla. 2d DCA 1976). Foreseeability, the standard of care, and the character of the risk are determined by the reasonable-man test. Geer v. Bennett, supra. As in the products cases, privity of contract was not an element of a cause of action for negligent performance of a service. The defendant would be liable for the plaintiff's injury if the defendant's affirmative conduct in performance of a contractual obligation to provide services to another was the proximate cause of a foreseeable injury.
Any doubt that privity is not required to allege a cause of action for negligent performance of a contractual obligation was settled by A.R. Moyer, Inc. v. Graham. Although Sickler v. Indian River *692 Abstract & Guaranty Co., 142 Fla. 528, 195 So. 195 (Fla. 1940) may have demonstrated a judicial philosophy against expansion of tort liability, Moyer clearly indicated a change of direction by the supreme court.[1]
Moyer answered the certified question whether a cause of action was stated by a contractor for damages resulting from the negligent supervision by an architect where there was no privity of contract between the architect and the contractor. The court held that privity was not required in a negligence action. It stated that a party "who may foreseeably be injured or sustained an economic loss proximately caused by the negligent performance of a contractual duty of an architect, has a cause of action against the alleged negligent architect... ." Moyer, supra, at 402. The architect owed a general duty to those who would foreseeably be harmed by his affirmative actions to use reasonable care in performance of his contractual obligation to supervise. The points which determine liability for violation of that legal duty are the same as in any negligence action which are determined by the trier of fact.
W.R. Frizzell Architects, Inc. argues that Moyer is not applicable to this cause because the architect in Moyer had greater supervisory obligations and control than the architect in the case before us. The contractual obligations are not at issue here. This is a proximate cause argument, and a motion to dismiss is not the proper vehicle to raise it. Whether violation of that duty was the proximate cause of the injuries suffered is a fact question. We hold that a legal duty to use reasonable care is established by these allegations.
Harborn Construction and Jack Harborn argue that absent privity, a latent defect must be alleged which is inherently dangerous or creates an unreasonable risk of injury.[2] This argument would be more appropriate were appellants relying on a strict liability theory. Inherent danger or unreasonable risk may have existed in the facts of those cases on strict liability on which Harborn Construction and Jack Harborn relied.
We need make no comment on the strength or weakness of appellants' case. At this posture of the case the merits are not at issue. This decision is limited to the holding that appellants have alleged a cause of action for negligence against these appellees.[3]
*693 REVERSED and REMANDED for proceedings consistent with this opinion.
HOBSON, Acting C.J. and SCHEB, J., concur.
NOTES
[1] Sickler v. Indian River Abstract & Guaranty Co., 142 Fla. 528, 195 So. 195 (Fla. 1940) apparently involved only pecuniary loss.
[2] Under similar facts, Simmons v. Owens, 363 So.2d 142 (Fla. 1st DCA 1978) held that the allegations were sufficient to allege a latent, dangerous condition of unreasonable risk.
[3] There is no inconsistency in allowing maintenance of an action for negligence in performance of a contractual duty absent privity, yet disallowing maintenance of an action for breach of warranty absent privity. A warranty, whether express or implied, is fundamentally a contract. A contract cause of action requires privity. Nonetheless, in response to a perceived change in society and to the premise that there should be liability where there is fault, an implied warranty theory was fashioned which did not require privity. It served as a vehicle to allow recovery for foreseeable injuries resulting from unsafe, defective products where there was no contractual privity between the defendant and the plaintiff. This theory was developed for situations where no express warranty existed between the parties on which to base contractual liability and where full compensation for the injury sustained was dependent on the measure of damages applied in tort rather than in contract. The supplier of the product was held liable to all those who suffered foreseeable injuries from a defective product on an implied warranty of the safety of his product. As in a contract action, the plaintiff needed to prove breach of an obligation  the warranty implied by law. As in a tort action, the plaintiff needed to prove that the breach caused a foreseeable injury to him. If those two elements were shown the action then took on the character of strict liability, for nothing more need be proved to find the defendant liable. He need not prove privity or negligence. The duty owed to the plaintiff arose from an extension of the warranty of safety implied by law to those suffering foreseeable injuries from a product. The first cases involved physical injury to persons but subsequent cases allowed recovery for physical injury to property.

The implied warranty theory was found to be a somewhat unwieldy apparatus to effect the result desired in these types of cases. In most jurisdictions the doctrine of products liability replaced the implied warranty theory. Products liability is particularly suited to recovery for the type of wrong at issue and is free of the conceptual problems experienced with implied warranty. See generally W. Prosser, Torts, §§ 81, 96-104 (1971).
In the ordinary circumstance where the implied warranty at issue is in the nature of a guarantee of merchantability or a product's fitness for the use intended which is not unreasonably dangerous and does not cause personal injuries, there are no reasons compelling expansion of liability. Privity of contract has continued vitality in such circumstances as we believe it should. See Strathamore Riverside Villas Condominium Association, Inc. v. Paver Development Corp., 369 So.2d 971 (Fla. 2d DCA 1979).