PER CURIAM.
The trial court dismissed a charge against an abstract company for negligent prepara *601 tion of an abstract brought by one not in privity with the abstract company. A.R. Moyer, Inc. v. Graham, 285 So.2d 397 (Fla.1973); Sickler v. Indian River Abstract & Guaranty Co., 142 Fla. 528, 195 So. 195 (1940); Kovaleski v. Tallahassee Title Company, 363 So.2d 1156 (Fla. 1st DCA 1978); Chelsea Title & Guarantee Company v. Louis Briggs Construction, Inc., 315 So.2d 229 (Fla. 1st DCA 1975); Williams v. Polgar, 391 Mich. 6, 215 N.W.2d 149 (1974).
We affirm and agree with the reasoning of the appellee that Sickler v. Indian River Abstract & Guaranty Co., supra, correctly states the rule of liability as to abstract companies in Florida today. The liability of an abstract company extends only to the parties who either contract with the company or are in privity with it and further that Sickler v. Indian River Abstract & Guaranty Co., supra, was not overruled by the Supreme Court in A.R. Moyer, Inc. v. Graham, supra, the decision by the 1st DCA in Kovaleski v. Tallahassee Title Company, supra,[1] to the contrary, notwithstanding.
Therefore the final order under review be and the same is hereby affirmed.
Affirmed.

. We realize that this opinion is in direct conflict with Kovaleski v. Tallahassee Title Company, supra, and hereby certify as to such conflict in accordance with Art. 5, Sec. 3(b)(4) of the Florida Constitution as amended in 1980.