208 So.2d 291 (1968)
INVESTMENT CORPORATION OF FLORIDA, a Florida Corporation, Appellant,
v.
Ralph J. BUCHMAN, Leonard M. Anton and Robert A. McCormick, Appellees.
Nos. 67-95, 67-96.
District Court of Appeal of Florida. Second District.
February 28, 1968.
Rehearing Denied April 10, 1968.
*292 James E. Thompson of Fowler, White, Collins, Gillen, Humkey & Trenam, Tampa, for appellant.
Thomas C. MacDonald, Jr. and David G. Hanlon, of Shackleford, Farrior, Stallings & Evans, Tampa, for appellees.
LILES, Chief Judge.
The plaintiff-appellant, Investment Corporation of Florida, is appealing from final judgments entered pursuant to jury verdicts in favor of defendant-appellees.
The defendants, certified public accountants, had served as auditors for Belcher-Young Company and in that capacity defendants had prepared an uncertified financial statement depicting the condition of Belcher-Young as of September 30, 1963. The plaintiff desired to purchase an interest in Belcher-Young, and an agreement was made whereby plaintiff was to buy a large block of Belcher-Young stock. However, a proviso in the agreement called for Belcher-Young to provide a certified financial statement as of December 31, 1963. Furthermore, this proviso stated that if the certified statement disclosed that Belcher-Young's financial position as of December 31, 1963 had changed adversely in a material manner from its position as shown by the September 30, 1963 statement, then plaintiff could rescind the purchase.
The certified statements were subsequently prepared and forwarded to plaintiff, and plaintiff elected to stand by the transaction. In November of 1964, Belcher-Young failed financially and thereafter the shareholders of Belcher-Young received nothing for their stock. Plaintiff then brought suit against defendants asserting that it had relied upon defendants' certified statement in electing not to rescind the purchase of Belcher-Young's stock and further asserting that due to defendants' gross negligence in preparation of the statement, the financial condition of Belcher-Young was grossly misstated. In its complaint and amended complaint plaintiff sought to recover damages against defendants on several counts and alleged: that defendants were guilty of fraud; that Belcher-Young and defendants entered into a contract to prepare the certified statement and plaintiff was a third party beneficiary of that contract; that defendants knew plaintiff intended to rely on the certified statement and defendants owed a duty of due care to known third parties.
The plaintiff was allowed to go to the jury on the theory of fraud and third party beneficiary contract. Furthermore, the trial court instructed the jurors that if they found that defendants were grossly negligent in preparing the certified statement then the jurors could infer fraud on the part of the defendants. The jury found for defendants on both counts. On appeal, *293 plaintiff contends that the trial court erred in dismissing plaintiff's count which alleged that defendants violated their duty of care to plaintiff in that defendants were negligent[1] in the preparation of the financial statement when they knew plaintiff intended to act in reliance upon this statement.
The leading case involving the duty of certified public accountants to parties with whom they were not in privity of contract is Ultramares Corp. v. Touche, 255 N.Y. 170, 174 N.E. 441, 74 A.L.R. 1139 (1931). The defendants in Ultramares had no knowledge that the statements would be shown to plaintiff, however, the defendants did know "that in the usual course of business the balance sheet when certified would be exhibited by the Stern Company to banks, creditors, stockholders, purchasers, or sellers, according to the needs of the occasion as the basis of financial dealings." Ultramares v. Touche, supra, 174 N.E. at 442. The plaintiff relied on defendants' financial statement in lending money to the Stern Company. Subsequently, the corporation went bankrupt and it became apparent that the statement had portrayed the corporation as being sound when it was actually insolvent.
The New York Court of Appeals in an opinion written by Justice Cardozo held that in the absence of privity of contract the plaintiff had no right to recovery under the theory of negligence even though the acts complained of amounted to gross negligence. However, the court did permit the plaintiff to recover under the theory of fraud stating "that negligence or blindness, even when not equivalent to fraud, is none the less evidence to sustain an inference of fraud." Ultramares v. Touche, supra at 449.
In State Street Trust Co. v. Ernst, 278 N.Y. 104, 15 N.E.2d 416, 120 A.L.R. 1250 (1938), the New York Court of Appeals again had before it a case involving the duty of certified public accountants to third parties. However, in this case, unlike Ultramares, defendants knew that a certain third party intended to rely on their certified statements in deciding whether to extend credit to defendants' client.[2] Despite this knowledge on the part of defendants, the court denied the plaintiff's claim for relief based on negligence saying:
"We have held that in the absence of a contractual relationship or its equivalent, accountants cannot be held liable for ordinary negligence in preparing a certified balance sheet even though they are aware that the balance sheet will be used to obtain credit. Ultramares Corporation v. Touche, 255 N.Y. 170, 174 N.E. 441, 74 A.L.R. 1139." State Street Trust Co. v. Ernst, supra, 15 N.E.2d at 418.
The court went on to add, however, that negligence "if sufficiently gross, may furnish evidence leading to an inference of fraud so as to impose liability for losses suffered by those who rely on the balance sheet." State Street Trust Co. v. Ernst, supra at 419.
In Florida no court has been asked to pass upon the question presently before us, which is, in the absence of fraud, are certified public accountants liable to a *294 known third party for negligence in the preparation of a certified financial statement when the certified public accountants had knowledge, at the time of preparation, that the third party intended to rely on the statement. However, the Florida Supreme Court in commenting upon the liability of a title abstractor to third parties enunciated a rule of law which is applicable to the present issue. The court stated in Sickler v. Indian River Abstract & Guaranty Co., 1940, 142 Fla. 528, 195 So. 195, 198, that:
"The weight of authority is that an abstractor does not render himself liable to any and every person who may be injured by reason of his negligence, ignorance, or want of skill in preparing abstracts, but that such liability exists only in favor of the person employing him or those in privity with him. The negligence or unskillfulness of an abstractor does not render him liable to the alienee, devisee, or other successor in interest employing him, or other persons with whom there is no privity of contract. [Citations omitted.]" (Emphasis ours.)
We acknowledge that the court in a paragraph preceding the one quoted above utilized language which might be interpreted as qualifying the quoted paragraph. Also, we acknowledge that a case cited by the court in support of the above-quoted proposition of law, Shine v. Nash Abstract and Investment Co. (1928), 217 Ala. 498, 117 So. 47, states that an abstractor who makes an abstract at the request of the vendor with knowledge or notice that the abstract is for the vendee's use, owes the vendee the duty of using reasonable skill in making the abstract. Furthermore, we realize that our interpretation of Sickler conflicts with the statements of Justice Cardozo concerning the duty that an abstractor owes to known third parties. See Glanzer v. Shepard, 233 N.Y. 236, 135 N.E. 275, 23 A.L.R. 1425 (1922). Nevertheless, in light of the forcefulness of the wording used in the quoted paragraph, we believe the Florida Supreme Court intended to establish the proposition that an abstractor is not liable to persons with "whom there is no privity of contract."
Plaintiff, in support of its position, relies upon Glanzer v. Shepard, 233 N.Y. 236, 135 N.E. 275, 23 A.L.R. 1425 (1922) and Section 552 of the Restatement of Torts.
In Glanzer the seller of beans hired a public weigher to weigh the goods and supply the buyer with a certified copy of the weight sheets. The weigher knew that these weight certificates would be relied upon by the buyer in paying the seller. The weigher was paid by the seller. It was later learned that the actual weight was less than that certified by the weigher and the buyer sued the weigher for the amount overpaid. In an opinion by Justice Cardozo the New York Court of Appeals said:
"We think the law imposes a duty toward buyer as well as seller in the situation here disclosed. The plaintiffs' use of the certificates was not an indirect or collateral consequence of the action of the weighers. It was a consequence which, to the weighers' knowledge was the end and aim of the transaction * * * They sent a copy to the plaintiffs for the very purpose of inducing action. All this they admit. In such circumstances, assumption of the task of weighing was the assumption of a duty to weigh carefully for the benefit of all whose conduct was to be governed. We do not need to state the duty in terms of contract or of privity. Growing out of a contract, it has none the less an origin not exclusively contractual. Given the contract and the relation, the duty is imposed by law. [Citations omitted.]" Glanzer v. Shepard, supra, 135 N.E. 275.
However, the court then went on to liken the factual situation to a third party beneficiary contract by stating:
"We state the defendants' obligation, therefore, in terms, not of contract merely, but of duty. Other forms of *295 statement are possible. They involve, at most, a change of emphasis. We may see here, if we please, a phase or an extension of the rule in Lawrence v. Fox, 20 N.Y. 268, as amplified recently in Seaver v. Ransom, 224 N.Y. 233, 120 N.E. 639, 2 A.L.R. 1187. If we fix our gaze upon that aspect, we shall stress the element of contract, and treat the defendants' promise as embracing the rendition of a service, which though ordered and paid for by one, was either wholly or in part for the benefit of another. [Citations omitted.]" Glanzer v. Shepard, supra at 277.
Furthermore, in Ultramares, Justice Cardozo in discussing his Glanzer opinion said:
"* * * The intimacy of the resulting nexus is attested by the fact that, after stating the case in terms of legal duty, we went on to point out that viewing it as a phase or extension of Lawrence v. Fox, supra, or Seaver v. Ransom, supra, we could reach the same result by stating it in terms of contract. [Citations omitted.] The bond was so close as to approach that of privity, if not completely one with it. Not so in the case at hand. No one would be likely to urge that there was a contractual relation, or even one approaching it, at the root of any duty that was owing from the defendants now before us to the indeterminate class of persons who, presently or in the future, might deal with the Stern Company in reliance on the audit. In a word, the service rendered by the defendant in Glanzer v. Shepard was primarily for the information of a third person, in effect, if not in name, a party to the contract, and only incidentally for that of the formal promisee. * *" Ultramares v. Touche, supra, 174 N.E. at 445.
Plaintiff in its dismissed count failed to allege facts which would bring it under Glanzer in that plaintiff failed to show that its use of the certified statement was the "end and aim of the transaction." Furthermore, it seems that the duty spoken of in the above quotations from Glanzer and and Ultramares could be categorized under present day concepts of third party beneficiary contract. Thus the plaintiff had the benefit of Glanzer since the trial court in instructing the jury on the count based upon the alleged third party beneficiary contract gave an instruction founded on Glanzer. However, the jury held against plaintiff on this count.[3]
As mentioned above, plaintiff also relies on Restatement of Torts § 552, which states:
"One who in the course of his business or profession supplies information for the guidance of others in their business transactions is subject to liability for harm caused to them by their reliance upon the information if
(a) he fails to exercise that care and competence in obtaining and communicating the information which its recipient is justified in expecting, and
(b) The harm is suffered
(i) by the person or one of the class of persons for whose guidance the information was supplied, and
(ii) because of his justifiable reliance upon it in a transaction in which it was intended to influence his conduct or in a transaction substantially identical therewith."
Section 552 appears to be in conflict with State Street Trust and Sickler, and although we realize there are public policies in support of the arguments advanced by *296 both plaintiff and defendants, we feel obliged to follow the precedent established by State Street Trust and Sickler. Thus, we hold that the trial court was correct in ruling that plaintiff's count failed to state a cause of action.
Plaintiff's other contentions have been considered and found to be without merit.
The judgment is affirmed.
ALLEN and HOBSON, JJ., concur.
NOTES
[1] In its complaint, plaintiff alleges that the defendants were grossly negligent in performing the audit, however, the trial court stated that the acts complained of constituted only simple negligence. For purposes of discussing plaintiff's point on appeal, the distinction between gross and simple negligence is not material since we are concerned here with the defendants' scope of liability and not with the nature of defendants' acts. However, it should be remembered that the jurors were instructed that if they found defendants were grossly negligent they then could infer fraud.
[2] The court stated: "Defendants knew that Pelz-Greenstein Company was seeking a line of credit from plaintiff and that the original note, if granted, would be extended subsequently." State Street Trust Co. v. Ernst, supra at 423.
[3] It should be noted that Justice Cardozo's opinion in Glanzer was prior to the State Street Trust opinion. In State Street Trust the defendants knew plaintiff intended to act in reliance on defendants' statement, nevertheless, the court held that there was no liability for negligence alone. Thus, State Street Trust would seem to limit the proposition established in Glanzer.