**NORTEK, INC., Plaintiff-Appellant,**

v.

**ALEXANDER GRANT & COMPANY et al., Defendants-Third-Party Plaintiffs, Appellees-Appellants,**

v.

**SANI DISTRIBUTORS, INC., et al., Third-Party Defendants-Appellees.**

No. 75–1030.

United States Court of Appeals, Fifth Circuit.

June 4, 1976.

Rehearing Denied Aug. 5, 1976.
See 536 F.2d 624.

---

**4.** 40 U.S.C. § 270b(b).

Bernard R. Pollock, John F. Bomster, Providence, R. I., Paul, Landy & Beiley, Lawrence R. Heller, Miami, Fla., George Chimento, Providence, R. I., for plaintiff-appellant.

Robert Orseck, Robert L. Parks, Miami, Fla., Howard L. Kastel, Chicago, Ill., for Alexander Grant & Co.

Morton P. Brown, North Miami, Fla., for Sani Dist. Inc., et al.

Before BROWN, Chief Judge, TUTTLE and GEE, Circuit Judges.

GEE, Circuit Judge:

The Alexander Grant accounting firm was hired by Sani Distributors, owner of the Webb Company, to audit that company and prepare financial statements adequate for registration by a prospective buyer. Nortek, Inc. purchased the Webb Company and now brings this suit for damages, complaining that Grant's audit underestimated tax liabilities of the Webb Company by $640,000 and that Nortek detrimentally relied on Grant's report of the financial state of Webb Company in completing its purchase of that company. The district court granted defendant's motion for summary judgment. We affirm.

The federal securities laws contain no limitations period expressly applicable to claims under §§ 10(b) and 17(a) and Rule 10b–5. Consequently, we must apply the forum state's limitations period applicable to that state cause of action which bears the closest resemblance to the SEC section sued under. *Hudak v. Economic Research Analysis, Inc.*, 499 F.2d 996 (5th Cir. 1974) held that § 517.301(1) of the Florida Blue Sky Law with its two-year statute of limitations controls a federal suit under § 10(b) and the related Rule 10b–5 of the Securities Act. The cause of action stated under § 17(a) of the Securities Act of 1933 is controlled by the same statute. *Parrent v. Midwest Rug Mills, Inc.*, 455 F.2d 123 (7th Cir. 1972).

Appellant argues that this rule should not apply in the present case because not all parties are residents of Florida and there is some question about where the cause of action accrued. But the language of *Hudak* very explicitly said the forum state's statute of limitations applies without regard to the residency of any of the parties. Appellant also seeks to escape *Hudak's* mandate that Florida's two-year statute of limitations bars this cause of action by pointing out that he is seeking damages rather than rescission. Although the only remedy provided in § 517.21 of the Florida statutes is rescission, nevertheless it is the section of the Blue Sky Law most similar to §§ 10(b), 17(a), and Rule 10b–5, and its two-year statute of limitations should be applied even when plaintiff seeks damages under the federal statute. The trial court was correct in holding that plaintiff's cause of action under the federal securities laws is barred by Florida's two-year statute of limitations.

Appellant also asserts claims in negligence and as a third-party beneficiary of the auditing contract. In the leading case involving the duty of CPA's to parties with whom they are not in privity of contract, Judge Cardozo found that CPA's owed no legal duty to plaintiffs in the absence of privity. *Ultramares Corp. v. Touche*, 255 N.Y. 170, 174 N.E. 441 (1931). Judge Cardozo went on to say that the same result would be reached in terms of contract. *Id.* at 445. Florida courts have similarly characterized the duty of CPA's, and in this diversity action we are bound by these Florida decisions. In circumstances inescapably similar to those presented here, the Florida courts have denied any relief. *Investment Corp. of Florida v. Buchman*, 208 So.2d 291 (Fla.1968). The question confronted by the Florida appellate court in *Buchman* was clearly stated:

> [I]n the absence of fraud, are certified public accountants liable to known third parties for negligence in preparation of a certified financial statement when the certified public accountants had knowledge, at the time of preparation, that the third party intended to rely on the statement.

208 So.2d at 293–94. The court answered no.

Appellant argues that the Florida courts have receded from their own privity requirement in the case of *A. R. Moyer, Inc. v. Graham*, 285 So.2d 397 (Fla.1973). There, in response to questions certified to it by our court, the Florida Supreme Court held that a third-party general contractor who might foreseeably be injured or sustain economic loss proximately caused by the negligent performance of an architect's or engineer's contractual duty had a cause of action notwithstanding the absence of privity. Although the court in *Moyer* seemed to waver from the privity requirement set forth in *Buchman* and earlier in *Sickler v. Indian River Abstract & Guaranty Co.*, 142 Fla. 528, 195 So. 195 (1940), its relaxation of the privity requirement may be limited to the architect-general contractor situation. The court did not specifically overrule *Buchman* and relied on the architect's direct supervision and control to find a cause of action. 286 So.2d at 399. The Florida courts have been reluctant to read *Moyer* as generally eliminating the privity requirement.[1] Until *Buchman*—a recent decision

---

1. *Chelsea Title & Guaranty Co. v. Louis Briggs Constr. Co.*, 315 So.2d 229 (Fla.App.1975).

precisely about the duties of CPA's—is directly overruled, we find it bars Nortek's negligence cause of action and its contract action as a third-party beneficiary.

■ Finally, appellant alleges that Grant was guilty of gross negligence, relying on the notion expressed in *State Street Trust Co. v. Ernst,* 278 N.Y. 104, 15 N.E.2d 416 (1938), that negligence "if sufficiently gross, may furnish evidence leading to an inference of fraud so as to impose liability for losses suffered by those who rely on the balance sheet." *Id.* at 419. The *Buchman* decision stated that in the absence of fraud CPA's are not liable to known third parties for negligence. Nortek thus attempts to establish fraud to escape *Buchman.* But the escape fails because Nortek's action for fraud is barred by the Florida statute of limitations.

Nortek's other contentions on appeal are without merit, and because we find the *Hudak* case a complete bar to any securities cause of action and the *Buchman* decision a complete bar to any negligence or contract cause of action, the trial court's decision is

AFFIRMED.