**Kenneth KEASLER et al.**

v.

**NATURAL GAS PIPELINE COMPANY OF AMERICA.**

**Civ. A. No. M–79–13.**

United States District Court,
E. D. Texas,
Marshall Division.

Nov. 21, 1979.

Richard M. Anderson of Anderson & Anderson, Marshall, Tex., for plaintiffs Kenneth Keasler.

Dennis M. Dylewski of Dyche & Wright, Houston, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

ROBERT M. PARKER, District Judge.

Plaintiffs, owners of mineral interests situated in the North Lansing Field, Harrison County, Texas, who sold their interests to Defendant following Defendant's cash offer of April, 1974, bring this action under the Securities Exchange Act of 1934 § 10(b), 15 U.S.C. § 78j(b) (1964) and Rule 10b–5 promulgated thereunder, 17 C.F.R. § 240–10b–5. Plaintiffs allege that the Defendant knowingly made material misrepresentations and omissions concerning the value of Plaintiffs' interests in written offers to purchase Plaintiffs' interests, and that such offers were transmitted through the mails. Plaintiffs contend that Defendant, with superior knowledge which should have been disclosed to Plaintiffs, fraudulently consummated the purchase of Plaintiffs' interests. Jurisdiction is attained pursuant to Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa. The matter comes before the Court on Plaintiffs' motion to certify the action as a class action pursuant to Fed.R.Civ.P., Rule 23 and Defendant's response thereto.

In presenting their securities fraud claims, the Plaintiffs propose to represent "those persons who owned interests or participations in the oil, gas or other minerals, royalties, or leases situated in the North Lansing Field, Harrison County, Texas, and who accepted Defendant's offer of April, 1974, and sold their security or securities to Defendant, and who, as a result of the acts, practices or conduct herein alleged, sustained damages as a result of Defendant's conduct." Defendant contends that class certification is inappropriate because Plaintiff Keasler is not a proper representative of the class due to a release executed in 1974 releasing Defendant from all known and unknown claims and possible statute of limitations problems related thereto; Defendant further opposes class certification because there has been insufficient discovery indicating which class members, in addition to Plaintiff Keasler, received Defendant's misrepresentations. Defendant further avers that the Plaintiffs cannot state a cause of action under the 1934 Securities Act.

The Court conducted an evidentiary hearing on August 30, 1979, and received evidence relating to the maintainability of this cause as a class action.

The burden of establishing the propriety of class certification rests on the Plaintiffs, and the Plaintiffs must satisfy Rule 23(a), Fed.R.Civ.P., by demonstrating numerosity of class members, typicality of claims, commonality of questions of law and fact, and the adequacy of representation provided by the named plaintiff. Further, the Plaintiffs must establish one of the alternative requirements provided for in Rule 23(b), Fed.R.Civ.P.

In determining the propriety of a class action, the Court is to regard all substantive allegations contained in the Plaintiffs' complaint as being true, and factual disputes arising at the hearing and in the pleadings are to be resolved in the Plaintiffs' favor. *Blackie v. Barrack*, 524 F.2d 891 (9th Cir.),

cert. denied 429 U.S. 816, 97 S.Ct. 57, 50 L.Ed.2d 75 (1976).

The class that the Plaintiff Keasler proposes to represent is an intelligent description of a cohesive class.

It is alleged that more than 680 persons owned mineral or royalty interests in the North Lansing Field, and these mineral interest owners sold their interests to the Defendant following the Defendant's April, 1974, offer, which offer is alleged to have contained material misrepresentations and omissions. The Court is satisfied that the class is so numerous that joinder of all members is impracticable. Fed.R.Civ.P., Rule 23(a).

There are questions of law and fact common to the class. There are common questions of law relating to the applicability of the 1934 Securities Act to the transactions in question; further, there are common legal issues relating to materiality, the duty to disclose under Rule 10b–5, reliance, and the defense of limitations. A common factual issue with regard to the misrepresentative character of Defendant's offer exists. Defendant's opposition to class certification by reason of the contentions of nonapplicability of the 1934 Securities Act is misplaced. On a motion for class certification, the main issue for determination involves the procedural considerations of Rule 23, and the propriety of the maintenance of the class action does not depend on an analysis of the substantive law of S.E.C. Rule 10b–5. See, *Note, The Impact of Class Actions on Rule 10b–5*, 38 Univ. of Chicago L.Rev. 337 (1971). The Court is precluded from making an inquiry into the merits of a proposed class action on a motion for class certification; indeed, the Plaintiffs need not establish the existence of a cause of action in order to succeed in having the class certified. *Miller v. Mackey International*, 452 F.2d 424, 428 (5th Cir. 1971). The Court is satisfied that Plaintiffs' complaint is more than a frivolous or insubstantial claim. *Wilcox v. Commerce Bank of Kansas City*, 474 F.2d 336, 345 (10th Cir. 1973).

Defendant's opposition to class certification based on the variety of limitations problems that may arise does not defeat commonality; this contention can only be disposed of upon a full development of the facts. Possible defenses that a defendant may or may not have are inappropriate for consideration on a motion for class certification. *Presseisen v. Swarthmore College*, 71 F.R.D. 34, 43 (E.D.Pa., 1976).

Defendant contends that class certification should be denied because evidence indicating the names of all individuals who actually received the offer in question has not been presented. At the evidentiary hearing, the Court admitted into evidence lists reflecting the names of all individuals who received the Defendant's offer. These lists were obtained by Plaintiff Keasler's counsel from the custody and control of the Defendant, and the Court overruled Defendant's objections and allowed the schedules to be introduced pursuant to Rules 901(a) and 901(b)(10), Federal Rules of Evidence. The Court certifies the class as those mineral interest and royalty owners who actually received the Defendant's written offer prior to sale to Defendant.

Rule 23(a)(3) requires that the claims of the named plaintiff be typical of the claims of the class. The Plaintiff Keasler alleges that the same fraudulent offer made to him was transmitted to all members of the class. The Court is satisfied that the claims of the Plaintiff Keasler are typical of the claims of the class. Typicality does not require that the exact number and identity of every class member be stated; a class action defendant does not have a right to know the exact size of the class prior to class certification. *In re: Home-Stake Production Co. Securities Litigation*, 76 F.R.D. 351, 361 (N.D.Okl., 1977).

The Defendant challenges the adequacy of Plaintiff Keasler's representation of the class, basing his opposition on limitations issues that may defeat Plaintiff Keasler's claim. The evidence produced at the hearing indicated that Mr. Keasler was dissatisfied with the transaction consummated with the Defendant in 1974–75. An action alleging violations of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C.

§ 78j(b) and Rule 10b–5, is an implied private cause of action. *J. I. Case v. Borak*, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964). The timeliness of a Rule 10b–5 action alleging fraudulent misrepresentations and omissions is to be governed by the forum state's limitations period for the state cause of action bearing the closest relationship to the Securities Exchange Act of 1934, § 10(b), 15 U.S.C. § 78j(b). *Nortek, Inc. v. Alexander Grant & Co.*, 532 F.2d 1013, 1015 (5th Cir.), cert. denied 429 U.S. 1042, 97 S.Ct. 742, 50 L.Ed.2d 754 (1977). In Texas a securities fraud plaintiff may bring an action pursuant to Article 581–33 of the Texas Securities Act or Section 27.01(a) of the Texas Business and Commerce Code, V.T.C.A. A three-year limitations period is provided for in the blue sky statute, Tex.Rev.Stat. 581–33(A)(2), as opposed to the two-year limitations period for fraud actions brought under the Business and Commerce Code established by *White v. Bond*, 362 S.W.2d 295 (Tex.1962). Whether a general fraud provision or a blue sky law is most similar to rule 10b–5 appears to be an unresolved issue. See *Berry Petroleum Co. v. Adams & Peck*, 518 F.2d 402 (2d Cir. 1975) and *IDS Progressive Fund, Inc. v. First of Michigan Corp.*, 533 F.2d 340 (6th Cir. 1975); however, regardless of the applicable period of limitations, the availability of this defense cannot defeat certification. The possibility of a limitations defense involves factual and legal issues that will be dealt with at trial. The Court at this time cannot hold that the evidence relating to mere dissatisfaction with the transaction in question constitutes knowledge and awareness of a material misrepresentation in Defendant's offer to the Plaintiffs; further there has been no evidence introduced tending to indicate a lack of reasonable diligence in discovering the alleged misrepresentations and omissions. The possibility that Defendant may establish a limitations bar to Plaintiff Keasler's claim at a later date does not prevent Mr. Keasler from serving as an effective representative of the class. The Court finds that the Plaintiff's interests and claims are in no way antagonistic to the interests of the class.

The evidence produced at the hearing convinced the Court that the Plaintiff Keasler will be able and willing to adequately finance this class action to an ultimate resolution of the merits. The Court finds that the Plaintiff Keasler will vigorously prosecute the claims of the class.

Plaintiff Keasler's counsel, Richard Anderson of Marshall, Texas, is experienced in the securities class action field, and the Court is satisfied that the class will be adequately represented.

The Court is satisfied that the requirements of F.R.Civ.P. 23(a) have been met, and the final issue for determination involves a consideration of the discretionary requirements of Rule 23(b)(3). Rule 23(b)(3) provides that if the mandatory prerequisites of Rule 23(a) are met, the action may be maintained as a class action if:

"(3) the Court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include:

"(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action."

The Court is convinced that the common factual and legal issues of applicability of the 1934 Securities Act, materiality, fraud, and reliance, predominate over any individual factual issues concerning reliance and limitations bar. The Defendant urges that because all class members will have different limitations problems, predominance has not been established. It appears to the

Court that knowledge of the alleged misrepresentation will perhaps have been obtained by all class members at about the same time, or in any event the earliest possible date for such knowledge to have been obtained. If the Court at a later date determines that the Defendant's contentions are valid and there are many varied limitations issues, the Court would consider ordering separate trials on the limitations issue. This device of severing individual issues at a later date has been used quite often in the securities fraud area where it has often been contended that individual reliance issues prevent predominance of the common issues regarding misrepresentation, duty to disclose, materiality, and causation. See *Green v. Wolf Corp.*, 406 F.2d 291 (2d Cir.), cert. denied 395 U.S. 977, 89 S.Ct. 2131, 23 L.Ed.2d 766 (1969). With regard to reliance, it is doubtful that individual reliance would even need to be proved should the Plaintiff establish materiality and misrepresentation. *Affiliated Ute Citizens of the State of Utah v. U. S.*, 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972). Clearly, the possibility of individual reliance issues does not defeat predominance in the instant case.

It is well established that differences among class members in the amount of damages suffered cannot constitute a lack of common issue predominance so as to prevent certification. *Green v. Wolf, supra*, p. 300.

There are potentially 680 members of the class, and most of the claims will be small in dollar amounts. This cause involves extremely complex issues of securities fraud; in view of the scarcity of experienced securities attorneys in the Eastern District, a class action is the only practical method of litigating to a final resolution the issues presented by the Plaintiffs' complaint.

It is desirable that the litigation of the Plaintiffs' claims be concentrated in the Marshall Division of the Eastern District of Texas because all of the mineral interests in issue are situated in Harrison County. Many of the class members reside in the Marshall Division. The principal office of the Defendant corporation is located in Houston, and the Court holds that it will not be burdensome for the Defendant to make available to Plaintiffs' counsel all the records located in Houston that are properly discoverable.

Plaintiffs' counsel is experienced in class action securities litigation, and the Court finds that he will be able to efficiently and diligently manage this cause as a class action.

Defendant has not demonstrated that members of the class have an interest in individually prosecuting separate actions, nor has any previously commenced litigation involving class members been brought to the Court's attention.

Common legal and factual issues predominate over any issue affecting only individual members; and a class action is the fairest and most efficient method to adjudicate the issues brought before this Court by the Plaintiffs.

It is desirable that securities fraud cases involving a large number of plaintiffs with small individual claims proceed as class actions; and the policies underlying both F.R. Civ.P. 23 and the 1934 Securities Act convince this Court that a class action in this cause should be allowed. *Esplin v. Hirschi*, 402 F.2d 94 (10th Cir.), cert. denied 394 U.S. 928, 89 S.Ct. 1194, 22 L.Ed.2d 459 (1969). Further, class certification will avoid a multiplicity of lawsuits on the same issues. See 38 Univ. of Chicago L.Rev. 337, 366 (1971).

All objections of the Defendant relating to the maintenance of this cause are hereby overruled. The Court finds that all of the requirements of Rules 23(a) and 23(b)(3) have been met. It is hereby ORDERED that the class be certified as being "those persons who owned interests or participations in oil, gas or other minerals, royalties, or leases situated in the North Lansing Field, Harrison County, Texas, and who accepted Defendant's offer of April, 1974, and sold their security or securities to Defendant and who, as a result of the acts, practices or conduct herein alleged, sustained damages as a result of Defendant's conduct."

Defendant's motions contending that the Plaintiffs have failed to state a cause of action upon which relief can be granted are overruled.

The Court directs Plaintiffs' counsel to prepare a form of notice to be sent to all individual class members that can be identified. The Court orders that this notice contain the information set out in Rule 23(c)(2)(A), (B), and (C) concerning the right of individual members to elect not to be included in the class, the *res judicata* effect of any final judgment in this class action proceeding, and the right of any class member to hire an attorney and enter an appearance before this Court. Additionally, the Court orders that the Plaintiffs' counsel include in all the individual notices a description of the nature of the suit and the issues to be litigated.

It is hereby ORDERED that the plaintiff class bear the entire cost of the individual notices to be sent to the class members by Plaintiffs' counsel.

It is hereby ORDERED that Defendant corporation and its officers deliver to the Plaintiffs' counsel all available information concerning the names and current addresses of all parties who received the Defendant's offer of April 23, 1974, on or before December 21, 1979.

The Court ORDERS that Plaintiffs' counsel submit a proposed form of notice drawn up in accordance with the guidelines set up in this Order on or before January 21, 1980. It is further ORDERED that in the event the parties are unable to agree upon a proposed form of notice, the Defendant is to file a proposed form of notice and its objections to the Plaintiffs' form on or before January 28, 1980.