# FEDERAL DEPOSIT INSURANCE CORPORATION, etc. v HIGH TECH MEDICAL SYSTEMS, INC., et al.

Case No. 86-01071 CJ

Seventeenth Judicial Circuit, Broward County

April 17, 1987

## APPEARANCES OF COUNSEL

**Diane D. Ferraro** for plaintiffs.

**Barry D. Hunter** for defendants Kaufman, et al.

**Paul Feinsmith** for Manners and Dobrin.

## OPINION OF THE COURT

J. LEONARD FLEET, Circuit Judge.

### ORDER DENYING DEFENDANT KAUFMAN, ROSSIN & CO.'S MOTION TO DISMISS AND TO STRIKE

THIS CAUSE CAME TO BE HEARD before the Court on April 2, 1987, upon Defendant, KAUFMAN, ROSSIN & CO.'s Motion to Dismiss Complaint and to Strike. The Court, having heard argument of counsel, having reviewed the pleadings and papers on file and being otherwise fully advised in the premises, does hereby find as follows:

### FACTUAL ALLEGATIONS

Sunshine State Bank ("SUNSHINE") sued Kaufman, Rossin & Co. ("KAUFMAN") for negligence and breach of contract in connection with its preparation of financial reports for its client and Co-Defendant, High Tech Medical Systems, Inc. ("HIGH TECH"). The Complaint alleges that as a condition of SUNSHINE providing financing to HIGH TECH, SUNSHINE required HIGH TECH to provide it with monthly certified reports by a certified public accounting firm setting forth the existing amount of accounts receivable and inventory, which constituted collateral for the financing. The Complaint alleges that representatives of SUNSHINE met with a representative of KAUFMAN, discussed SUNSHINE's requirements and that KAUFMAN represented to SUNSHINE that it was capable of performing and would provide the required services. Plaintiff alleges that KAUFMAN prepared and provided the reports, which are attached to the Complaint. One of the attached reports is in fact addressed jointly to HIGH TECH and SUNSHINE. Plaintiff further alleges that the stated balance of the outstanding accounts receivable and the quantity and value of the inventory certified by KAUFMAN were grossly overstated and that Plaintiff was damaged thereby.

### CONCLUSIONS OF LAW

### COUNT VI

Count VI alleges a cause of action against Defendant KAUFMAN for negligence. KAUFMAN relies on the cases of *Nortek, Inc. v. Alexander Grant & Co.*, 532 F 2nd 1031 (5th Cir. 1976), *Investors Tax Shelter Real Estate, Ltd. v. Laventhol, Krekstein, Horwath & Hor-*

*wath*, 370 So.2d 815 (Fla. 3d DCA 1979), *cert. denied*, 381 So.2d 767 (Fla. 1980) and *Ultramares Corp. v. Touche*, 255 N.W. 170, 174 N.E. 441 (1931), for its argument that this Count should be dismissed because an accountant is not liable to a third party with whom he is not in privity. *Laventhol*, and essentially all other cases standing for this proposition, relies on the *Ultramares* case. The *Ultramares* court, however, has retreated from the requirements of strict privity between an accountant and a Plaintiff in cases of accountant malpractice. The reason Judge Cardozo in *Ultramares* made privity a prerequisite to accountant liability was the concern that the alternative would "expose accountants to liability of an indeterminate amount for an indeterminate time to an indeterminate class." 255 N.W. 1790180, 194 N.E. 441.

Recently, the *Ultramares* Court, in *Credit Alliance v. Arthur Anderson & Company*, 65 N.Y.S. 2d 536, 493 N.W.S.2d 435, 483 N.E.2d 110 (1985) introduced a new test which respects Cardozo's concern with unlimited liability, yet provides a remedy where a known party has been harmed:

> Before accountants may be held liable in negligence to noncontractual parties who rely to their detriment on inaccurate financial reports, certain prerequisites must be satisfied: (1) the accountants must have been aware that the financial reports were to be used for a particular purpose or purposes; (2) in the furtherance of which a known party or parties was intended to rely; and (3) there must have been some conduct on the part of the accountants linking them to that party or parties, which evinces the accountants' understanding of that party or parties' reliance.

65 N.W. So.2d at 552, 493 N.Y. Supp.2d at 443, 483 N.E. So.2d at 118. Plaintiff's allegations that KAUFMAN met with SUNSHINE and provided the reports to SUNSHINE and for SUNSHINE's benefit is sufficient to demonstrate that they understood the purpose of the reports and that SUNSHINE would be relying thereon.

Even more persuasive is the case of *First American Title Insurance Company, Inc. v. The First Title Insurance Company of the Florida Keys, Inc.*, 457 So.2d 467 (Fla. 1984). In this case the Florida Supreme Court used the identical reasoning, relied on the same cases and reached the same conclusion as the court in *Credit Alliance* holding an abstract company liable to a known third party user. The Court held that "when an abstractor knows that his employer or customer is ordering the abstract for the use of a purchase of the property . . . such a known third-party user is owed the same duty and is entitled to the same remedy as the one who ordered the abstract." 457 So.2d at

38

467. In *First American Title* the Florida Supreme Court has recognized that while eliminating the privity requirement entirely would be unfair, that adherence to a strict privity requirement is also unfair to a known third party user.

KAUFMAN's reliance on *Nortek*, and *Laventhol, supra*, both of which relied on *Investment Corporation of Florida v. Buchman*, 208 So.2d 291 (Fla. 2d DCA 1968), is misplaced. *Buchman* and *Nortek* relied on *Sickler v. Indian River Abstract & Guaranty Co.*, 195 So.2d 195 (Fla. 1940) which held that an abstractor is liable only to the party who employs him. *First American Title, supra*, modified the *Sickler* rule to find liability in cases where an abstractor knows or should know that his customer is purchasing an abstract for the use of a prospective purchaser who relies on the abstract. 457 So.2d at 473. Accordingly, *Sickler, Buchman, Laventhol* and *Nortek* are no longer good precedent for the proposition which KAUFMAN asserts.

Although *First American Title* concerns an abstractor, not an accountant, it is controlling here. Throughout the history of the salient privity cases the courts have relied on accountant and abstractor cases interchangeably. *See, e.g., Nortek, supra; Buchman, supra*. This Court expressly finds that the Florida Supreme Court has relaxed the basis on which accountants can be held liable for simple negligence. The *First American Title* case, by altering the law of abstractor liability, has, by implication, modified the standards for accountant liability, and this Court follows and adopts the *First American Title* rule in the case at bar. Since Plaintiff has alleged that KAUFMAN knew that the reports it was preparing were for the use and benefit of SUNSHINE, Plaintiff has properly alleged a cause of action against KAUFMAN for negligence.

## COUNT VII

In Count VII Plaintiff alleges a cause of action against Defendant KAUFMAN for breach of contract. KAUFMAN cites *Buchman, supra*, for the proposition that "Florida courts have refused to recognize third party beneficiary contract claims against accountants where the same are premised upon malpractice allegations". The appeal in *Buchman* concerned a negligence claim which the court had dismissed; the Plaintiff's third party beneficiary contract claim had not been dismissed and, indeed, went to the jury. In any event, *Buchman*, as discussed *supra*, has been modified by the *First American Title* case. As in the *First American Title* case, the Plaintiff herein has stated a cause of action as a third party beneficiary of the contract of employment between KAUFMAN and HIGH TECH. *See also, Technicable*

**39**

*Video Systems, Inc. v. Americable of Greater Miami*, 479 So.2d 819 (Fla. 3rd DCA 1985) (3rd DCA 1985).

Based on the foregoing findings and conclusions of law, it is hereby

ORDERED AND ADJUDGED that Defendant KAUFMAN, ROSSIN & CO.'s Motion to Dismiss Complaint and to Strike be, and the same is, hereby denied and Defendant, KAUFMAN, ROSSIN & CO. shall have fifteen (15) days to further respond to the Complaint.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 17th day of April, 1987.