841 P.2d 1082

**INTERMOUNTAIN CONSTRUCTION, INC., an Idaho corporation, Plaintiff–Appellant,**

v.

**CITY OF AMMON, a municipal corporation, Defendant–Respondent.**

**No. 19413.**

Supreme Court of Idaho,
Pocatello Sept. 1992 Term.

Nov. 10, 1992.

Holden, Kidwell, Hahn & Crapo, Idaho Falls, Idaho, for plaintiff-appellant. Donald L. Harris argued.

Anderson, Pike & Bush, Idaho Falls, Idaho, for defendant-respondent. W. Joseph Anderson argued.

BAKES, Chief Judge.

In April of 1986 Idaho School District No. 93 solicited bids on the construction of an elementary school and a junior high school which were to be built in the City of Ammon. In the latter part of April, 1986, Intermountain Construction (Intermountain), along with other construction companies which were interested in submitting bids on the construction of the two schools, contacted the City of Ammon to obtain information concerning building permit fees for the two schools to be built within the city. Mr. Kent Woods, who had only recently been appointed as the Public Works Director for the City of Ammon, calculated the cost of the permit fees and gave the figures out to all the companies who contacted the city. Mr. Woods quoted the following building permit fees for the elementary and junior high school to three companies:

|        | Junior High | Elementary School |
|--------|-------------|-------------------|
| Permit | $ 3583.50 | $1,533.79 |
| Water | 12,288.00 | 6,912.00 |
| Sewer | 300.00 plus 3.00/fixture | 300.00 plus 3.00/fixture |
| Total | $17,100.50 | $9,165.79 |

The three construction companies then used these figures in calculating their individual bids on the two schools, and Intermountain was awarded the contracts on both schools based on its bid. When Intermountain purchased the permits, the City of Ammon charged an additional $6,871.04 in excess of the amounts Mr. Woods had previously quoted as the cost of the permits for the two schools. Woods acknowledged that he had made an error in his calculation of the cost of the permits. The City of Ammon had adopted the Uniform Building Code without modification which contained the building permit fee schedule contained within the code. Intermountain and its agents were familiar with the Uniform Building Code which contained the formula for the calculation of the permits and Intermountain had copies of the code in its business office. However, they chose to use Mr. Woods' figures rather than calculate the fee themselves. No consideration was paid by Intermountain to the City of Ammon to obtain the figures given to them by Mr. Woods.

Intermountain requested the school district to reimburse it for the increase in the amount for the building permits. The school district refused and Intermountain filed a tort claim with the City of Ammon on July 18, 1986. The City of Ammon rejected this claim, and an action to recover ensued.

On Aug. 21, 1987, Intermountain filed suit alleging negligent misrepresentation and estoppel. The City of Ammon answered, asserting several affirmative defenses, but not the defense of governmental immunity. At the close of Intermountain's case in chief, the City of Ammon made an I.R.C.P. 12(b)(6) motion to dismiss for failure to state a cause of action upon which relief may be granted, claiming that negligent misrepresentation is not recognized in this state and claiming governmental immunity under the discretionary function exception to liability under Idaho Tort Claims Act (ITCA) contained in I.C. § 6–904(1). Intermountain objected to the claim of governmental immunity and asserted that I.R.C.P. 8(c) requires that such defenses be affirmatively pleaded or they are waived. The trial court refused to grant the City of Ammon's motion to dismiss.

The City of Ammon put on evidence of its defenses. The court then requested the parties to brief the issue of whether immunity under the Tort Claims Act was an affirmative defense which had to be plead. At that point Intermountain filed a Motion to Re-open Trial and a Motion to Amend Complaint to allege compliance with the Tort Claims Act. In response the City of Ammon filed a Motion to Amend Pleadings to Conform to the Evidence. The court granted Intermountain's motion and Intermountain introduced evidence that it had complied with the notice requirements in I.C. § 6–906 which states it must file a claim against a political subdivision or an employee of a political subdivision within one hundred eighty (180) days.[1] The trial court ultimately dismissed Intermountain's complaint concluding that the City of Ammon was immune under I.C. 6–904(3) which

1. **6–906. Filing claims against political subdivision or employee—Time.**—All claims against a political subdivision arising under the provisions of this act and all claims against an employee of a political subdivision for any act or omission of the employee within the course or scope of his employment shall be presented to and filed with the clerk or secretary of the political subdivision within one hundred eighty (180) days from the date the claim arose or reasonably should have been discovered, whichever is later.

grants immunity for the "misrepresentation" of governmental employees.[2]

Intermountain appeals the decision of the trial court.

■ Intermountain argues that the district court erred in granting the City of Ammon governmental immunity from liability for misrepresentation as set forth in Idaho Code § 6–904(3) and by not finding that governmental immunity is an affirmative defense under I.R.C.P. 8(c) which is waived if not pleaded. Appellant Intermountain initially failed to plead and prove compliance with the Tort Claims Act. The trial court permitted Intermountain to re-open its case and amend its complaint in order to allege and prove that it had timely filed notice of a tort claim.[3] In the process of proving all of the elements of a tort claim, Intermountain established that its claim of negligent misrepresentation came within the exception to liability under § 6–904(3) of the Idaho Tort Claims Act, and therefore it was not necessary for the City of Ammon to allege immunity under I.C. § 6–904(3) as an affirmative defense. The plain language of § 6–904(3) excludes liability for misrepresentation, and appellant's own evidence has shown this is a case involving misrepresentation by an employee of a governmental entity.

■ Furthermore, except in the narrow confines of a professional relationship between an accountant and client, as was the case in *Idaho Bank & Trust v. First Bancorp*, 115 Idaho 1082, 772 P.2d 720 (1989), this Court has rejected the tort of negligent misrepresentation. In the *Idaho Bank & Trust* case, the Court expressly declined to adopt the Restatement standard for negligent misrepresentation. Accordingly, the trial court did not err in dismissing appellant's complaint for negligent misrepresentation. *Idaho Bank & Trust v. First Bancorp, supra.*

■ Intermountain also asserts that the trial court erred in failing to conclude that the City of Ammon was estopped from demanding fees in excess of the amount it previously represented to Intermountain and upon which Intermountain justifiably relied. However, the immunity granted by I.C. § 6–904(3) applies to all tort liability for misrepresentations. That immunity is not abrogated by merely changing the legal theory upon which the claim for recovery for the misrepresentation is based.

Furthermore, this Court held, in *Harrell v. The City of Lewiston*, 95 Idaho 243, 506 P.2d 470 (1973), that a municipality may not be estopped when exercising a legislative and governmental function. In the *Harrell* case it was the enactment of a zoning ordinance. In this case it is the issuance of a building permit pursuant to such an ordinance. Neither the claim of estoppel nor quasi-estoppel constitutes legal grounds for imposing liability on the City of Ammon. I.C. § 6–904(3); *Harrell v. The City of Lewiston, supra.*

The judgment of the district court is affirmed. Costs to respondent. No attorney fees allowed.

BISTLINE, JOHNSON, McDEVITT and TROUT, JJ., concur.

---

2. **§ 6–904. Exceptions to governmental liability.**—A governmental entity and its employees *while acting within the course and scope of their employment* and *without malice* or criminal intent *shall not be liable for any claim which:*

 . . . .

 . . . .

3. *Arises out of* assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, liable, slander, *misrepresentation,* deceit, or interference with contract rights. (Emphasis added.)

**3.** At that time, the City of Ammon also moved to amend its pleadings.