FERGUSON, Judge.
This is an appeal from a final order dismissing appellant’s third party complaint against appellee/third party defendant, Attorneys’ Title Services, Inc. (ATS), without leave to amend.
Appellant, Safeco Title Insurance Company (Safeco), issued a mortgagee title insurance policy through its agent, Bedzow and Korn, P.A. (Bedzow), to Robert Lewison, who funded a second mortgage loan to Marvin J. and Sue Carol Rappaport, husband and wife. Before the policy was issued, Bedzow requested and received from ATS a certified title information search for the Rappaport property. The information was provided pursuant to an Attorney’s Title Information Data System (ATIDS) contract between Bedzow and ATS. ATS installed in Bedzow’s office a computer system consisting of an information display monitor and printer. In response to Bed-zow’s request, two computer printouts were provided disclosing that a Notice of Federal Tax Lien was filed on April 26, 1978, in the name of Sue Carol Rappaport. No reference was made to a lien in the name of Marvin J. Rappaport.
In June, 1983, the Rappaports defaulted and Lewison obtained title to the property via a mortgage foreclosure action. Shortly thereafter, the Internal Revenue Service notified Lewison that a tax lien in the amount of $23,000 had been recorded in the public records against Marvin J. and Sue Carol Rappaport on April 26, 1978, prior to Lewison’s mortgage loan. Lewison demanded that Bedzow or Safeco clear the lien, or provide funds for Lewison to clear it. Neither Safeco nor Bedzow satisfied Lewison’s claim.
In December, 1983, Lewison brought an action against Bedzow and Safeco alleging breach of the insurance contract and negligence in failing to disclose the prior tax lien. Both Bedzow and Safeco filed third party complaints against ATS seeking to be indemnified for any damages awarded to Lewison in his suit against them. Safeco claimed privity with ATS based upon its status as the intended third party beneficiary of the ATIDS contract between Bed-zow and ATS. Safeco alleged that ATS knew that the certified title information provided to Bedzow was for the benefit of Safeco, as a third party title insurer, and would be relied upon in insuring title. ATS filed motions to dismiss the third party complaints of Bedzow and Safeco. The motion as to Bedzow was denied. This appeal is from the order granting ATS’s motion to dismiss as to Safeco.
Safeco relies on First American Title Insurance Co. v. First Title Service Company of the Florida Keys, Inc., 457 So.2d 467 (Fla.1984), contending that the lower court erred in dismissing its complaint because a title insurer may bring an action to recover damages against a negligent abstracter. ATS counters that, according to First American, the liability of an abstracter to a title insurer not in privity with the abstracter is limited to situations where the insurer is both an intended beneficiary and a subrogee who has satisfied a claim brought against its insured. ATS argues that because Safeco did not plead a subro- *520 gation claim, First American is inapplicable. Furthermore, ATS alleges that it makes a difference that the title information was furnished by computerized excerpt rather than by delivery of an entire abstract of title.
Although the trial judge correctly applied longstanding Florida law in dismissing appellant’s third party complaint for failure to state a cause of action, we reverse on authority of First American, decided after the order was entered. That opinion expresses “new principles of Florida law” and modifies the rule of Sickler v. Indian River Abstract & Guaranty Co., 142 Fla. 528, 195 So. 195 (1940), which limited the liability of an abstracter to those in privity with the abstracter.
Subrogation, as a doctrine, was necessarily discussed in First American, however briefly, because the title insurer had already indemnified the insured for the loss incurred due to the title defect. But a status as an intended beneficiary is not necessary where the insurer first satisfies a claim brought against its insured, so long as all the equitable prerequisites to subro-gation are satisfied. See Rebozo v. Royal Indemnity Co., 369 So.2d 644 (Fla.3d DCA), cert. denied, 379 So.2d 209 (Fla. 1979) (doctrine of subrogation is applied where one who is not a volunteer pays the debt of another who is primarily liable, and where its application is necessary to bring about equitable adjustment of a claim). Contrary to the appellee’s interpretation of First American, the case did not pivot on subrogation.
The supreme court in First American extended an abstracter’s liability to purchasers whose reliance on the abstract was known or should have been known to the abstracter, and to others having a relationship in the transaction through the purchaser, such as mortgagees, tenants and title insurers, even where the title insurer has not reimbursed the mortgagee-insured for loss incurred due to a negligently prepared abstract. Adopting the law of several other jurisdictions, the court announced that protection is now afforded to those whom the abstracter knew or should have known would rely on the abstract regardless of privity. We agree with Safeco that it is a protected party under the rule of law adopted in First American.
Appellee’s second argument, based on a distinction between a computerized system of providing title information and the delivery of a complete abstract of title, raises a question which goes to the merits—whether the insurer should have relied upon the computer-furnished abstract information. The entirely different question presented by this appeal is the same one that was before the court in First American—whether the third party complaint, assuming the truth of the allegations, states a cause of action. We hold that it does.
Reversed and remanded for further proceedings.