PER CURIAM.
Eli Kahn appeals from an adverse final summary judgment entered on his complaint alleging negligence and fraud in the procurement of an affidavit of non-homestead property by John Post. Mr. Post was the attorney representing a seller of real property. The seller averred that the property was not homestead. The property was sold twice before Mr. Kahn purchased it. Mr. Kahn was unable to sell the property because the original seller’s children had asserted a lawful remainderman claim to it.
We find that Mr. Kahn’s claim against the original seller’s attorney must fail on the authority of First American Title Insurance Company v. First Title Service Company, 457 So.2d 467 (Fla.1984), wherein the supreme court stated:
Where the abstracter knows, or should know, that his customer wants the abstract for the use of a prospective purchaser, and the prospect purchases the land relying on the abstract, the abstracter’s duty of care runs, as we have said, not only to his customer but to the purchaser. Moreover, others involved in the transaction through their relationship to the purchaser — such as lender-mortgagees, tenants and title insurers — will also be protected where the purchaser’s reliance was known or should have been known to the abstracter. But a party into whose hands the abstract falls in connection with a subsequent transaction is not among those to whom the abstracter owes a duty of care.
Id. at 473. See also Safeco Title Insurance Co. v. Lewison, 460 So.2d 518 (Fla. 3d DCA 1984); Southworth v. Crevier, 438 So.2d 1011 (Fla. 4th DCA 1983); Drawdy v. Sapp, 365 So.2d 461 (Fla. 1st DCA 1978).
The final summary judgment is affirmed.
Affirmed.